MARGARET J. SEEBURGER, petitioner and appellant,

v.

WILLIAM SEEBURGER, defendant and respondent.

[Filed March 10th, 1899.]

Condonation of acts of adultery is no bar to a suit for divorce based upon such acts, where the pardoned party and the co-respondent have afterwards resumed their illicit intercourse.

On appeal from a decree advised by Vice-Chancellor Pitney. (No opinion.)

*Mr. Herbert Boggs*, for the appellant.

*Mr. Chauncey G. Parker*, for the respondent.

The opinion of the court was delivered by

GUMMERE, J.

The decree appealed from divorced the respondent from his wife for her adultery with one Michael Kane. The proofs offered in support of the charges contained in the petition for divorce leave no doubt of the correctness of the conclusion reached by the learned vice-chancellor on this branch of the case.

It is contended, however, on the part of the appellant, that the evidence in the case makes it equally plain that the respondent connived at the illicit relations existing between her and Kane, and so is not entitled to the relief granted to him by the court of chancery.

A recital of any portion of the proofs is unnecessary. It is enough to say that our examination of them has satisfied us that although the respondent was cognizant of the fact that adulterous relations existed between the appellant and her paramour and that he continued to live with her as his wife after

acquiring such knowledge, still he was not a consenting party to her infidelity.

Nor does the fact that his continuance of his marital relations with her after learning of her unfaithfulness was a condonation of the adultery afford any reason for disturbing the decree. This is so not because (as the fact is) the appellant failed to set it up in her answer as a bar to the relief sought by her husband, for that difficulty could be overcome by directing the filing of a supplemental answer.    The impediment is more stubborn.    Condonation, even of repeated acts of adultery, is always conditional, the condition being that the pardoned party will in the future treat the other with conjugal kindness and especially will refrain from a repetition of the offence forgiven. In this case the condition was broken by the continuance of the adulterous intercourse of the appellant with her paramour, and the condonation thereby revoked.

The decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH—14.

*For reversal*—None.